### ISAAC H. WRIGHT v. LAWSON HIGGINBOTHAM.

Irregularities arising subsequent to a judicial sale, such as an irregularity in taking the bond of a purchaser, etc., cannot affect the rights acquired under the sale. But where the subsequent irregularity is rather a continuation of one existing previous to the adjudication, or has been caused by an irregularity in the proceedings previous to the sale, as where the advertisement of a sale at twelve months' credit does not state that the bond is to bear interest from the day of the adjudication at the rate allowed by the judgment, as required by art. 681 of the Code of Practice, and the bond consequently is not taken so as to bear the interest allowed by the judgment on which the execution was issued, the rule that, under a forced alienation of property the purchaser will acquire no title unless the formalities of the law be strictly complied with, applies, and the sale will be invalid.

APPEAL from the District Court of St. Helena, *Jones,* J.

*Lawson,* for the appellant.

*Merrick,* for the defendant. The judgment below should be affirmed. The bond not corresponding with the judgment, the sale was null. Code of Practice, art. 681. *Rice* v. *Schmidt.* 11 La., 71. The price paid was not a serious one. Pothier, Vente, p. 10, No. 19.

SIMON, J. This is an action of revendication, instituted by the purchaser of property at a sheriff's sale. He represents that an execution having issued against the defendant, by virtue of a judgment obtained against him, the same was levied upon a tract of land containing four hundred acres, and that after due proceedings had on the said execution, the aforesaid tract of land not having brought two-thirds of its appraisment at the cash sale, the same was readvertised to be sold at twelve months' credit, when, on the 4th of June, 1842, it was adjudicated by the sheriff to him (the petitioner), who gave his twelve months' bond for the purchase price with good security, and who, since that time, has satisfied said bond by paying the same. He further states that he is the legal owner of the said

property, but that the defendant, ever since the sale, has held and retained the possession thereof, notwithstanding he has been legally divested of his title thereto ; and that the defendant is bound to account to him for the rent of the said tract, which he, plaintiff, estimates at the sum of $200, for the time that he has been deprived of the possession of the property. He prays for a writ of possession, and for judgment against the defendant, for the rent, &c.

The answer of the defendant expressly denies his having been legally divested of his title to the tract of land described in the petition, and avers that the formalities of law have not been complied with. He farther alleges that the pretended twelve months' bond did not bear interest, although the judgment under which it was given bears interest at the rate of ten per cent per annum ; and he prays that the plaintiff's demand be rejected.

Judgment was rendered below in favor of the defendant, setting aside the sale declared upon in the plaintiff's petition ; and from this judgment, after a vain attempt to obtain a new trial, the plaintiff has appealed.

The record contains the judgment on which a writ of *fi. fa.* was issued against the defendant, and all the proceedings had thereon, from the time said execution came into the hands of the sheriff. It appears thereby that the execution was levied on the tract of land claimed by the plaintiff, that due notice thereof was given to the defendant, and that the sale was advertised for cash, to take place on the 7th of May, 1842; that on that day, the property was regularly appraised at the sum of $3000, but that after having been offered for sale, no bid having been made to two-thirds of its appraisement, the sale thereof was postponed until the 4th of June following, then to be made at twelve months' credit to the last and highest bidder. The advertisement of this last sale, after giving a description of the property, recites that the terms of sale will be : " *a credit of twelve months, the purchaser to give bond and approved personal security, and a mortgage retained on the property sold.*" On the day of the sale, after the reading of the certificate showing all the mortgages existing on the property, which mortgages consist in a

number of judicial mortgages to a large amount, the same was adjudicated to the plaintiff for the sum of *five dollars and fifty cents,* for which he furnished his bond with security, payable one year after date, without interest.

We concur with the judge *a quo* in the opinion, that the proceedings had previous to the adjudication are all regular, except that part which relates to the publication of the conditions on which the last sale is to be made, and to the bond taken by the sheriff in conformity with the advertisement. We are not ready to say that the taking of an irregular bond, which is a proceeding subsequent to the adjudication, can affect the rights of the purchaser. On the contrary, it is well settled in our jurisprudence, that irregularities arising subsequent to the sale, cannot affect the rights acquired under it. 3 Mart. N. S. 489. But when the subsequent irregularity is rather a continuation of one existing previous to the adjudication, or, in other words, has been caused by an irregularity in the proceedings previous to the sale, we think that the rule that, " under a forced alienation of property the purchaser will acquire no title, unless the formalities of the law be strictly complied with," fairly applies, and that such sale cannot be considered as a valid one. 4 Mart. 513. 11 Ib. 609, 711. 3 La. 421.

Here, the advertisement of the sale at twelve months' credit, does not state that the bond shall bear interest from the day of the adjudication, at the same rate as that allowed by the judgment, and this formality is expressly required by art. 681 of the Code of Practice, which is in these words : " The sheriff, on giving notice of the place, day and hour of this new crying, must announce that it will be made at twelve months' credit, the purchaser being required to furnish good and sufficient security, and special mortgage on the thing sold, *bearing interest from the day of the adjudication, at the same rate as that allowed by the judgment.*" This provision of the law was not complied with, and it is obvious that this is the reason why the bond furnished by the plaintiff does not bear the interest of ten per cent, allowed by the judgment on which the execution had issued. This, it seems to us, is a fatal objection to the validity of the sale under consideration.

*Judgment affirmed.*